Mr. Cesar H. Odio City Manager, City of Miami Post Office Box 330708 Miami, Florida 33233-0708
Dear Mr. Odio:
You ask on behalf of the City of Miami substantially the following question:
May the special law enforcement trust fund, established under the Florida Contraband Forfeiture Act, be used to pay current city police officers overtime to work on a new task force directed to preventing crime involving tourists and drug trafficking?
In sum,
Special law enforcement trust funds, which have been requested by and appropriated to the police department, may be used to pay current city police officers overtime to work on a new task force directed to preventing crime involving tourists and drug trafficking.
According to information provided to this office, the city has funds available in its special law enforcement trust fund established under the Florida Contraband Forfeiture Act. The city is interested in creating "a new task force whose goal is the prevention of crime involving tourists and drug trafficking."
Such a task force would utilize existing police officers who perform such duties outside of their normal working hours and would be paid for such overtime from the special trust fund. The program would be operated by the police department out of neighborhood "mini" city halls which have been established throughout the city and would coordinate its activities with the city's existing Neighborhood Enhancement Teams.
The Florida Contraband Forfeiture Act (Act), ss. 932.701-932.707, F.S. (1992 Supp.), authorizes the seizure and forfeiture of contraband articles, as well as the vessels, motor vehicles, aircraft and other personal property used in transporting, concealing or conveying contraband. Under the Act, detailed procedures are set forth to effectuate such forfeitures and for the disposition of forfeited property. The Act authorizes the law enforcement agency effecting a forfeiture of seized property to sell or otherwise salvage or transfer the property to any public or nonprofit organization rather than retaining it for the use of the law enforcement agency.[1] If forfeited property is sold, proceeds are first applied to any preserved lien balances, then to various costs incurred in connection with the forfeiture proceedings.[2]
For municipalities, the remaining proceeds are deposited in a special law enforcement trust fund established by the governing body of the municipality.[3] These funds may only be expended upon request of the chief of police to the governing body of the city, accompanied by a written certification that the request complies with s. 932.7055(4), F.S., and only upon appropriation to the police department by the city's governing body. Thus, in the instant case, any funds from the special trust fund for this program may only be expended at the request of the Miami Chief of Police and upon appropriation to the police department by the city commission.
The Act further requires that
[s]uch proceeds and interest earned therefrom shall be used for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants.[4] (e.s.)
Section 932.7055(4)(c)2., F.S. (1992 Supp.), prohibits the use of contraband forfeiture trust funds as "a source of revenue to meet normal operating needs of the law enforcement agency." Based upon identical language in the previous statute,[5] this office has stated that the legislative intent expressed therein is that these trust funds should be used only for the expressly specified purposes or for other extraordinary programs and purposes, beyond what is usual, normal, regular or established.[6]
While combating crime in the streets may be a normal duty of law enforcement agencies, recent attacks on tourists and drug related crimes have prompted the city's development of a crime prevention program specifically aimed at these problems. You have advised this office that this is a new program.
The funding of crime prevention programs is expressly authorized by the Act. The Legislature, therefore, has made the determination that the expenditure of trust funds for crime prevention programs is appropriate and does not constitute a source of revenue to meet normal operating needs of the law enforcement agency.
Moreover, this office recently stated that participation in a multi-jurisdictional drug task force was an allowable expense under the Act.[7] While this office has recognized that detecting and combating drugs and drug abuse may be a normal duty of law enforcement agencies, participating in a task force concept for accomplishing these purposes would appear to be outside the regular or established approach to such law enforcement duties.
This office also concluded that the funding of a law enforcement officer from contraband forfeiture funds was permissible when the officer was assigned full-time to the drug task force.[8]
Therefore, I am of the opinion that the special law enforcement trust funds which have been requested by and appropriated to the police department, may be used to pay current city police officers overtime to work on a new task force directed to preventing crime involving tourists and drug trafficking.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 932.7055(1), F.S. (1992 Supp.).
[2] Section 932.7055(3), F.S. (1992 Supp.).
[3] Section 932.7055(4)(a), F.S. (1992 Supp.).
[4] Id.
[5] Section 932.704(3)(a), F.S. (1991), stated that these funds could be used "to defray the costs of protracted or complex investigations; to provide additional technical equipment or expertise . . .; to provide matching funds to obtain federal grants; or for school resource officer, crime prevention, or drug abuse programs or such other law enforcement purposes as the . . . governing body of the municipality . . . deems appropriate and shall not be a source of revenue to meet normal operating needs of the law enforcement agency." (e.s.)
[6] See, e.g., AGO 89-78 (payment of salaries of police personnel would appear to be a normal operating expense of the municipal police department and special law enforcement trust funds may not be used to augment such salaries); AGO 83-9 (furnishing medical attention and treatment to county prisoners is a continuing and ongoing or regular duty of the sheriff's office and forfeiture trust fund monies may not, therefore, be used for such purpose).
[7] Attorney General Opinion 93-6.
[8] And see, Informal Opinion to Mr. Wayland Clifton, Jr., dated September 17, 1990, stating that the City of Gainesville could use contraband forfeiture funds to pay the salary and benefits of a full-time legislative liaison who was to develop statewide legislation for criminal justice assessment centers. This office concluded that such funds could be used in light of the nonrecurring limited duration of the position, if the position fell outside of the normal operating needs of the municipal enforcement agency and the municipal governing body determined that it fulfilled an appropriate law enforcement purpose.